**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KEITH WARE,
Petitioner

v.

UNITED STATES OF AMERICA,
Respondent

: CASE NO.# 94-CR-69-T

**PETITION TO CORRECT ERROR IN APPLICATION OF THE SENTENCING GUIDELINE PURSUANT TO TITLE 18 U.S.C. § 3582 (C) (2)**

And now, comes Petitioner Keith Ware, proceeding herein Pro Se requesting that this Honorable Court correct the error in application of the Sentencing Guidelines.

## STATEMENT OF JURISDICTION

This Court has Subject Matter Jurisdiction pursuant to Title 18 U.S.C. § 3231.

## STATEMENT OF CASE

Petitioner herein pro se litigant was arrested by two Providence Rhode Island Police Detectives on or about July 9, 1994, for Possession of Weapons charge.

On September 20, 1994, a one count indictment was returned by a Federal Grand Jury for the District of Rhode Island, charging Possession of a Firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On January 25, 1995, the government filed an information pursuant to 18 U.S.C. § 924(e) (Armed Career Criminal Act), to establish existence of three particular and specific prior felony convictions (under contention herein).

On February 21, 1995, jury trial commenced before the Honorable Ernest C. Torres, (U.S.D.J.), petitioner was convicted on February 22, 1995.

On June 16, 1995, petitioner was sentence to a term of 300 months and five years supervised release.

Notice of appeal was timely filed, however appellate Counsel failed to perfect appeal, therefore he filed a brief pursuant to <u>Anders v. California</u>, on July 16, 1996, the First Circuit dismissed notice of appeal, granted <u>Anders</u>, brief and further affirmed judgment of the District Court on January 20, 1997. (No Certiorari to the Supreme Court was filed).

Initial post-conviction motion pursuant to 28 U.S.C. § 2255 (same trial judge) , was filed on May 17, 1997, the District Court denied and dismissed § 2255 petition.

Thereafter, petitioner filed timely motion to modify and or amend the judgment pursuant to Fed.R.Civ.P. 59(e). This Court denied the motion on August 11, 1999. Notice of appeal as to judgment entered on § 2255/ Civ.R. 59(e) motions was filed on September 9, 1999, Motions for C.O.A. pursuant to 28 U.S.C. 2253, was denied and the appeal was terminated on February 7, 2001.

Issue Number One:

**THE INCLUSION OF A RELATED, OFFENSE IN BEING A CONVICTED FELON IN POSSESSION OF A FIREARM IN CALCULATING THE SENTENCING GUIDELINE CRIMINAL HISTORY CATEGORY CONSTITUTED IMPERMISSABLE DOUBLE COUNTING THAT INCREASED THE FINAL GUIDELINE RANGE**

Petitioner was convicted of a violation of 18 U.S.C. Section 922 (g)(1). He was charged with knowingly possessioning a firearm, "having previously been convicted in a Court of Providence Rhode Island, by imprisonment for a term exceeding one year." The prior conviction(s) is an element of the offense. In re Winship, 397 U.S. 358 (1970), U.S. Sentencing Guideline 2k2.1 (a)(2), is applicable to petitioner offense because petitoner committed the instant offense subsequent to sustaining at least two felony convictions for a crime of violence. The base offense level in Section 2k2.1 (a)(2) is level 24.

This objection involves the final guideline range involved the calculation of petitioners offense level and criminal history. FN1 Six (6) points were added by the Probation Officer for each conviction under Section 4A1.1 (a), which provides that for each prior sentence of imprisonment exceeding one (1) year and one (1) month, six (6) points are added. In addition, six (6) points were added under Section 4A1.1 (b), and four (4) points were also added under Section 4A1.1 (c). Pursuant to 4A1.1 (d) two (2) additional points were added because the petitioner was on probation when the instant offense was committed.

Accordingly, the probation officer gave the petitioner eighteen (18) points for the criminal history. This placed him in category VI with a guideline range of 140 to 175 months.

Although the indictment or information did not specify which of the three prior felony convictions was the element of the offense, it is clear that it referred to one or the other. Petitioner contends that if one is included as an element of The offense, which causes guideline 2k2.1 to be applied, it should not also be counted in the criminal history category because this would be impermissable double counting.

---

[FN1] Correctly calculating the Sentencing Guidelines is a component of the reasonableness of the sentence imposed and required under Section 18 U.S.C. § 3553 (a). Moreover, as part of three-step sentencing process, the District Court initially "must continue to calculate a defenants guideline sentence as they have before Booker," United States v. King, 454 F.3d 187 (3rd Cir. 2006).

A. 2k2.1 (a)(2) BASE OFFENSE LEVEL

As discussed supra, petitioner base offense level was 24, since sustaining at least two prior felony convictions.

Since petitioner's base offense level was enhanced by four (4) level's, the Probation Officer pursuant to 2k2.1 (b)(5), enhanced the petitioners sentence by four (4) more level's for specific offense.

This use of unindicted information should be considered impermissable double counting.

First, 2k2.1 (a)(2), establishes offense characteristics for offense level purposes, and as a guide point as the language states:

> Section 2k2.1 (a)(2) instructs that if the defendant had, at least two felony convictions of either a crime of violence or a controlled substance offense, a base offense level of 24 is warranted.

This language is unambiguous, and states its plain meaning. To than come next with another part of 2k2.1 (b)(5), for the same reason, but with a different title stating:

> Section 2k2.1 (b)(5), instructs that if the defenant used or possessed any firearm in connection with another felony offense, the offense level is to be increased by four (4) levels.

Section 2k2.1 of the Sentencing Guidelines sets out the possible punishments for a defendant like petitioner who illegally possessed a firearm.

Note 4 to § 2k2.4, then states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use or discharge of an explosive of a firearm when determining the sentence for the undelying offense. A sentence under this guideline accounts for any explosive weapon enhancement for the underlying offense of conviction, including any such enhancement that would apppy based on conduct for which the defendant is accountable under 1B1.3 (Relavent Conduct).

Moreover, in accordence with Appendex C [Amendment 599] which reads in pertinent part:

> The purpose of this amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancement with general guideline principles. The relevant application note to §2k2.4 previously stated that if a sentence was under §2k2.4 in conjunction with a sentence for "an underlying offense," no weapon enhancement should be applied with respect to the guideline for the underlying offense. Some Courts interpreted "underlying offense" narrowly to mean only the "crime of violence or "drug trafficking offense" that forms the basis for the 18 U.S.C. §924(c) conviction. See. e.g., United States v. Flennory, 145 F.3d 1264, 1268-69 (11th Cir. 1998), cert. denied, 119 S.Ct. 1130 (1999). But see United States v. Smith, 196 F.3d 676-679-82 (6th Cir. 1999)(a conviction under 18 U.S.C. §922(g) qualifies as an "underlying offense," and thus, application of the enhancement in § 2k2.1(b)(5) was impermissable). In other cases, offenders have received both the madated statutory penalty and guideline weapon enhancement in circumstances in which the guideline generally would require a single weapon enhancement. See United States v. gonzalez, 183 F.3d 1315, 1325-26 (11th Cir), cert. denied, 120 S.Ct. 996 (2000)(both statutory guideline increase may be imposed if the defendant and an accomplice used different weapons as part of a joint undertaking); United States v. Willett, 90 F.3d 404, 407-08 (9th Cir. 1996)(not double counting to apply both increase for seperate weapons possessed by defendant). But see United States v. knobloch, 131 F.3d 366, 372 (3rd Cir. 1996)(error to apply guideline enhancement in addition to statutory penalty "even if the section 924(c)(1) sentence is for a different weapon than the weapon upon which the enhancement predicated.").

In addition, Appendix C states:

> The amendment clarifies application of the commentary, consistent with the definition of "offense" found in section 1B1.1(Application Note 1(I)) and with general guideline principles. It addresses disparate application from conflicting interpretations of the current guidelines in different courts, and is intended to avoid the duplicative punishment that results when sentences are increased under both the statute and the guidelines for substantially the same harm.

In other words, one a defendant is sentenced for the posessing of a firearm under § 2k2.1, the district court cannot increase the defendant's sentence on another count for the same possessing of a firearm. Despite § 2k2.4's prohibition on double counting, that is exactly what happened here.

Petitioner was charged with violation of Section 922(g)(1), and pursuant to 2k2.1, received an initial base offense enhancement for sustaining at least two (2) prior felony convictions, which put the offense level at 24. Right behind this enhancement, the Probation Officer added an addit-ional four (4) points pursuant to U.S.S.G. § 2k2.1(b)(5) for specific offense characteristics because the petitioner as alleged to have fired the weapon in the case, which lead to the Federal prosecution.

Petitioner received these additional points without being convicted of committing the prior related offense. As the language in teh (PSR) under offense characteristcs Section 14, Probation states through 2k2.1 (b)(5), that the defendant allegedly attempted to shoot at the individual mentioned in his state offense."

If This lanuage is correct and petitioner was not convicted, or received any hearings on these charges, than no points should have been given, especially after the instructions of § 2k2.4.

Section 2k2.1 already enhances the sentence by least 10 levels from level 14 where firearm offense start at on the Sentencing Chart. To apply 2k2.1 (b)(5), after § 2k2.1 would be impermissable double counting and (4) points should be removed from the offense level.

B. ARMED CAREER CRIMINAL ACT

Government filed an information stating that petitioner is a career offender and cited (2) specific prior convictions for it supports;

1. Breaking and Entering at Night;
2. Manufacturing Delivery of Marijuane.

The other prior convictions pointed to throughout the criminal history Section of the (PSR) are confusing and misleading because majority of the prior conviction cannot be used for the ACCA.

Section § 4B1.4 of the sentencing guidelines instructs that if the defendant used or possessed The firearm in connection with a crime of violence, as defined in 4B1.2 (1), the applicable offense level is 34.

As discussed supra, petitioenr received these same enhancements under USSG § 2k2.1, and USSG 2k2.1 (b)(5), for the same act's stated in 4B1.4. This double stacking of the points are unconstitutional under 924(e), the petitioner already is obligated and committed to serbe a mandatort minimum of 15 years, for having at least (3) prior convictions.

To now in turn give the petitioner an additional 15 years under misapplication of the Sentencing Guidelines and because petitioner exercised his Constitutional Rights to jury trial contesting the sufficiency of the evidence was punished harshly for exercising these rights.

Even a defendant who goes to trial can receive acceptance of responsibilty points.

Petitioner does not reap the benefits of Booker, becuase of its non retroactive application, but pursuant to 3582 (c)(2), (b)(2), can have his sentence corrected if there was a chage in the guidelines or Sentencing Commissions Policy on sentencing 28 U.S.C. § 994 (o), for which has happen since Booker.

As discussed supra, petitioners guidelines were applied incorrectly for alleged activity that took place prior to the Federal offense, which eventually lead to the Federal prosecution, petitioner received no court action on the state case for some (2½) years later.

This information should not have been included in neither of the offense level and or criminal history category.

Petitioner has not cited case law because the misapplication of the guidelines and the unambiquous language used and stated therein. Petitioner will file a brief if ordered or directed by the court.

## CONCLUSION

**WHEREFORE**, petitioner request that this Honorable Court correct

the sentence and information in the Pre-Sentence Report, and place the petitioner in the correct guideline sentence in offense level of 28 and Criminal History Category VI for a total of 140-175 months.

Petitioner has served 13½ years on his sentence and prays that this Honorable Court correct the sentenc accordingly.

Respectfully Submitted,

/S/ Keith Ware

Keith Ware, Pro Se
Reg. # 04068-070

# Inmate Statement

| | | | |
|---|---|---|---|
| **Inmate Reg #:** | 04068070 | **Current Institution:** | Allenwood FCC |
| **Inmate Name:** | WARE, KEITH | **Housing Unit:** | ALP-B-A |
| **Report Date:** | 10/09/2007 | **Living Quarters:** | B02-206U |
| **Report Time:** | 10:45:15 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| ALX | 10/9/2007 9:36:35 AM | 16 | | | Sales | ($9.20) | | $191.45 |
| ALX | 10/6/2007 9:57:44 PM | TFN1006 | | | Phone Withdrawal | ($19.00) | | $200.65 |
| ALX | 10/5/2007 3:20:58 PM | HIPP0907 | | | Payroll - IPP | $26.00 | | $219.65 |
| ALX | 10/5/2007 10:35:55 AM | 22 | | | Sales | ($12.60) | | $193.65 |
| ALX | 10/1/2007 7:16:20 PM | TFN1001 | | | Phone Withdrawal | ($15.00) | | $206.25 |
| ALX | 9/19/2007 11:50:08 AM | 37 | | | Sales | ($13.40) | | $221.25 |
| ALX | 9/14/2007 2:08:20 PM | 33325007 | | | Western Union | $100.00 | | $234.65 |
| ALX | 9/11/2007 1:30:23 PM | 78 | | | Sales | ($9.80) | | $134.65 |
| ALX | 9/7/2007 3:08:26 PM | GIPP0807 | | | Payroll - IPP | $35.00 | | $144.45 |
| ALX | 9/7/2007 3:08:19 PM | GIPP0807 | | | Payroll - IPP | $16.56 | | $109.45 |
| ALX | 9/7/2007 9:48:06 AM | 20 | | | Sales | ($17.50) | | $92.89 |
| ALX | 9/6/2007 12:32:10 PM | TFN0906 | | | Phone Withdrawal | ($9.00) | | $110.39 |
| ALX | 9/4/2007 1:12:17 PM | 33324207 | | | Western Union | $100.00 | | $119.39 |
| ALX | 8/30/2007 12:44:03 PM | 35 | | | Sales | ($50.70) | | $19.39 |
| ALX | 8/29/2007 5:03:40 PM | TFN0829 | | | Phone Withdrawal | ($10.00) | | $70.09 |
| ALX | 8/28/2007 3:08:05 PM | 33323707 | | | Western Union | $50.00 | | $80.09 |
| ALX | 8/22/2007 8:19:40 PM | TFN0822 | | | Phone Withdrawal | ($10.00) | | $30.09 |
| ALX | 8/22/2007 11:39:54 AM | 42 | | | Sales | ($20.00) | | $40.09 |
| ALX | 8/10/2007 6:50:23 PM | TFN0810 | | | Phone Withdrawal | ($14.00) | | $60.09 |
| ALX | 8/10/2007 11:53:25 AM | 42 | | | Sales | ($20.35) | | $74.09 |
| ALX | 8/6/2007 9:25:31 AM | GIPP0707 | | | Payroll - IPP | $11.40 | | $94.44 |
| ALX | 7/21/2007 10:33:53 AM | TFN0721 | | | Phone Withdrawal | ($20.00) | | $83.04 |
| ALX | 7/17/2007 9:53:46 AM | 24 | | | Sales | ($15.25) | | $103.04 |
| ALX | 7/13/2007 10:06:25 AM | 33 | | | Sales | ($12.10) | | $118.29 |
| ALX | 7/7/2007 1:16:36 PM | TFN0707 | | | Phone Withdrawal | ($20.00) | | $130.39 |
| ALX | 7/6/2007 3:03:10 PM | GIPP0607 | | | Payroll - IPP | $19.68 | | $150.39 |
| ALX | 7/5/2007 10:08:46 AM | 34 | | | Sales | ($11.15) | | $130.71 |
| ALX | 7/3/2007 11:07:34 AM | 33319707 | | | Western Union | $70.00 | | $141.86 |
| ALX | 7/2/2007 7:32:00 AM | | 8565 | | Gift | ($150.00) | | $71.86 |
| ALX | 6/29/2007 10:36:04 AM | TFN0629 | | | Phone Withdrawal | ($18.00) | | $221.86 |
| ALX | 6/27/2007 9:52:02 AM | 26 | | | Sales | ($10.25) | | $239.86 |
| ALX | 6/24/2007 4:56:46 PM | TFN0624 | | | Phone Withdrawal | ($6.00) | | $250.11 |
| ALX | 6/19/2007 7:54:16 PM | TFN0619 | | | Phone Withdrawal | ($17.00) | | $256.11 |
| ALX | 6/19/2007 12:24:12 PM | 55 | | | Sales | ($6.25) | | $273.11 |
| ALX | 6/17/2007 9:27:53 PM | TFN0617 | | | Phone Withdrawal | ($20.00) | | $279.36 |
| ALX | 6/14/2007 | 33318407 | | | Western Union | $150.00 | | $299.36 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 3:07:42 PM | | | | | |
| ALX | 6/14/2007 2:10:01 PM | 114 | Sales | ($21.10) | | $149.36 |
| ALX | 6/8/2007 3:11:14 PM | GIPP0507 | Payroll - IPP | $31.96 | | $170.46 |
| ALX | 6/7/2007 12:05:20 PM | 48 | Sales | ($19.10) | | $138.50 |
| ALX | 6/1/2007 12:45:12 PM | TFN0601 | Phone Withdrawal | ($15.00) | | $157.60 |
| ALX | 5/30/2007 10:00:47 AM | 22 | Sales | ($21.40) | | $172.60 |
| ALX | 5/26/2007 7:05:19 AM | 33317007 | Western Union | $150.00 | | $194.00 |
| ALX | 5/22/2007 9:18:21 AM | 15 | Sales | ($21.70) | | $44.00 |
| ALX | 5/14/2007 5:17:24 PM | TFN0514 | Phone Withdrawal | ($17.00) | | $65.70 |
| ALX | 5/6/2007 4:07:56 PM | 33315607 | Western Union | $50.00 | | $82.70 |
| ALX | 5/4/2007 2:53:16 PM | GIPP0407 | Payroll - IPP | $31.96 | | $32.70 |
| ALX | 4/23/2007 5:12:53 PM | TFN0423 | Phone Withdrawal | ($7.00) | | $0.74 |
| ALX | 4/16/2007 8:02:25 PM | TFN0416 | Phone Withdrawal | ($7.00) | | $7.74 |
| ALX | 4/12/2007 12:16:15 PM | 75 | Sales | ($15.65) | | $14.74 |
| ALX | 4/10/2007 7:56:34 PM | TFN0410 | Phone Withdrawal | ($10.00) | | $30.39 |
| 1 2 | | | | | | |
| | **Total Transactions: 73** | | **Totals:** | **$191.45** | **$0.00** | |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| ALX | $191.45 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $191.45 |
| **Totals:** | **$191.45** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$191.45** |