IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 94-CR-00069 |
| | ) | |
| | ) | |
| | ) | |
| KEITH WARE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2)**

## INTRODUCTION

The Defendant, KEITH WARE, ("Defendant"), has travelled in a long and procedurally abusive path of post conviction litigation. In this, at least his sixth attempt, Defendant apparently, but not clearly, complains about a purported miscalculation of the sentencing guidelines which he attributes to "double counting" that occurred at his sentencing hearing more than twelve years ago. The United States objects and requests that the motion be denied and dismissed.

## BACKGROUND

In September, 1994, a federal grand jury returned an indictment against Defendant charging him with being a felon in possession of a firearm. See generally United States v. Ware, No. 94-cr-00069 (D.R.I. Judgement, June 26,1995). The indictment stemmed from events that

occurred on July 9, 1994, in which Defendant drew a semi-automatic pistol and fired shots at two unarmed individuals over a debt. Id. After a jury trial before United State District Court Judge Ernest C. Torres, Defendant was sentenced in June of 1995 to 25 years in prison. Id. Defendant made no objection to the Pre-Sentence Report. Id. Defendant then filed a notice of appeal.

After several extensions of time and a change in counsel, defendant's counsel then filed a motion to withdraw as counsel accompanied by a brief pursuant to Anders v. State of Cal., 386 U.S. 738 (1967). Appellant's Anders Brief, United States v. Ware, No. 95-1732 (1st Cir. 1997). Pursuant to Anders:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

Anders, 386 U.S. 744.

In his Anders brief, defense counsel identified two issues to be presented: (1) Whether the District Court Erred in Denying Appellant's Rule 29 motion; and (2) Whether Appellant's Sixth Amendment Right to Counsel was violated by trial counsel's ineffectiveness? Appellant's Anders Brief at 13. As to both issues, he submitted that the answer should be in the negative. Id. Consistent with Anders Defendant was given the opportunity to submit a brief of his own, but did not. Order, United States v. Ware, No. 95-1732 (1st Cir. 1997). After a full examination of the proceedings, the First Circuit Court of Appeals granted the motion to withdraw and affirmed Defendant's conviction. Id.

In 1998, Defendant filed a petition pursuant to 28 U.S.C. § 2255, charging that his trial counsel was ineffective because he stipulated that Defendant had previously been convicted of a felony. See generally Ware v. United States, No. 98-cv-00408 (D.R.I. 2001). The district court rejected Defendant's ineffective assistance of counsel claims. Id. Defendant then filed a motion pursuant to Federal Rules of Civil Procedure 59(e), requesting that the court alter or amend its decision. Id. In this motion, Defendant raised additional ineffective assistance of counsel claims. Id. The district court denied this motion and denied Defendant's subsequent motion for a certificate of appealability. Id. Defendant then asked the First Circuit Court of Appeals to issue a certificate of appealability. See generally Ware v. United States, No. 99-2234 (1st Cir. April 12, 2001). This motion was denied and the appeal was terminated. Id. In its order, the Court of Appeals further stated that:

> [E]ven if we were to treat the present appeal as an application for permission to file a second or successive petition, we would deny it. Congress has limited second petitions to those based on either "newly discovered evidence" . . . or "a new rule of constitutional law made retroactive . . .'"

Order at 2, Ware v. United States, No. 99-2234 (1st Cir. April 12, 2001).

In August, 2005, Defendant sought leave from the First Circuit Court of Appeals to file a second or successive petition in order to pursue a claim pursuant to Shepard v. United States, 125 S.Ct. 1254 (2005). See generally Ware v. United States, No. 05-2267 (1st Cir. September 15, 2005). On September 15, 2005, the First Circuit entered an order denying Defendant's application without prejudice because the Supreme Court's ruling in Shepard was not retroactive. Id.

In August 2007, Defendant filed a motion pursuant to 28 U.S.C. § 2254. See generally

Ware v. Minor, No. 07-cv-00317 (D.R.I. October 30, 2007). In October, 2007, United States District Court Judge Torres entered an order adopting Magistrate Judge David L. Martin's recommendation that Defendant's petition be dismissed without prejudice to the Petitioner refiling, if and when, he obtains permission from the Court of Appeals to file a second or successive petition. Id. The Magistrate Judge's recommendation found that the Court: (1) lacked jurisdiction under 28 U.S.C § 2254, because Defendant was a federal, not a state, prisoner; (2) lacked jurisdiction under 28 U.S.C. § 2255 because Defendant had not obtained certification from the First Circuit to file a second or successive petition; and (3) lacked jurisdiction under 28 U.S.C. § 1651 pursuant to United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999), which held that a prisoner cannot evade the restrictions of 28 U.S.C. § 2255 by filing a habeas petition pursuant to 28 U.S.C. § 2254 or the All Writs Act, 28 U.S.C. § 1651. Id.

In October, 2007, Defendant filed a motion pursuant to 28 U.S.C. § 2241 seeking the same relief sought in his petition pursuant to 28 U.S.C. § 2254. See generally Ware v. Martinez, No. 07-cv-00392 (D.R.I. November 11, 2007). On October 25, 2007, Magistrate Judge Lincoln Almond entered a Report and Recommendation in which he concurred with Magistrate Judge Martin's report in Ware v. Minor, No. 07-cv-00317 (D.R.I. October 30, 2007), and incorporated Magistrate Judge Martin's Report and Recommendation by reference. Id. Chief United States District Court Judge Mary M. Lisi accepted the recommendation and dismissed Defendant's third habeas petition with prejudice. Id.

Now, more than a decade after he was sentenced, Defendant files this motion asking the Court to correct an error in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant contends his sentence was improperly calculated and seemingly attempts to rely on Amendment 599 to the

November 1, 2004, United States Sentencing Guidelines to support his argument, at least by analogy. See generally Petition. He is asking the Court to correct his sentence to Offense Level 28, Criminal History VI for a sentencing range of 140 - 175 months. Id. at 3. The Government objects and asks that Defendant's motion be dismissed for the following reasons.

## ARGUMENT

### I. 18 U.S.C. § 3582(c)(2) IS NOT APPLICABLE BECAUSE THE RELEVANT GUIDELINE RANGE HAS NOT BEEN AMENDED.

Pursuant to 18 U.S.C. § 3582(c)(2):

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . .
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

This exception "permits a court to modify a sentence once imposed **if the Sentencing Commission later changes the applicable guidelines reducing the term of imprisonment**. The court may modify the sentence, however, only if doing so 'is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Havener, 905 F. 2d 3, 7 (1st. Cir. 1990) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis added).

In his petition, Defendant attempts to claim that Amendment 599 to the United States Sentencing Guidelines effective November 1, 2000, somehow supports his claim that the court used impermissible double counting in calculating his sentence. Petition at 5-7. This argument

must fail.

The probation officer calculated defendant's offense level using §§ 2K2.1(a)(2) and 4B1.4 of the Sentencing Guidelines. PSR at 4-5. Amendment 599 to the United States Sentencing Guidelines affects § 2K2.4. USSG, App. C, Amend. 599 (Nov. 1, 2000). § 2K2.4 pertains to statutory provisions 18 U.S.C. §§ 844(h), 924(c), and 929(a). Defendant was convicted of an offense under 18 U.S.C. § 922(g), for possession of a weapon by a convicted felon. Amendment 599 does not effect Defendant's sentence. Therefore, the sentencing range for which Defendant was convicted has not been lowered and 18 U.S.C. § 3582(c)(2) does not apply.

**II. DEFENDANT'S ARGUMENT THAT HIS BASE OFFENSE LEVEL WAS IMPROPERLY ENHANCED IS MOOT.**

Defendant was convicted for Possession of a Weapon by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1), a Class C felony. PRS at 1. The United States Sentencing Guidelines Manual effective November 1, 1994, was used to calculate Defendant's sentence consistent with the policy to use the guidelines manual that was in effect at the time of sentencing. Id. at 4.

The guideline for a Title 18, Section 922(g) offense is found in 2K2.1 of the Sentencing Guidelines. PSR at 4-5; USSG, § 2K2.1 (November 1, 1994); United States v. Gary, 74 F.3d 304, 315 (1st Cir. 1996) . Since Defendant had two prior felony convictions, his base level offense was twenty-four (24). Id. According to 2K2.1(b)(5), if a defendant used or possessed any firearm in connection with another felony offense, the offense level is to be increased by four (4) levels. Id. In addition to his federal charges, Defendant was facing state court charges as a result of the events that occurred on July 9, 1994. PSR at 5. Those charges included Assault

with a Dangerous Weapon and Carrying Firearms While Committing a Crime of Violence. Id.[1] Thus, Defendant's offense level was increased by four (4) levels to twenty-eight (28) because he fired the gun at two people. PSR at 5, USSG, § 2K2.1 (November 1, 1994); Gary, 74 F.3d at 315.

Defendant also had three (3) prior convictions for crimes of violence, which made him subject to sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). According to§ 4B1.4 of the Sentencing Manual, the applicable level for a defendant who used or possessed the firearm for which he was found guilty of possessing, in connection with a crime of violence, is thirty-four (34). PSR, at. 5, USSG § 4B1.2(1); Gary, 74 F.3d 316.

Specifically, § 4B1.4 states that the offense level for an armed career criminal is the "**greatest of** (1) the offense level applicable from Chapters Two and Three; or . . . (3) (A) **34**, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in 4B1.2(1). . . ." USSG, § 4B1.4 (November 1, 1994)(emphasis added.) The offense level calculated based on § 2K2.1, felon in possession of a weapon, was twenty-eight (28). PSR at. 4-5. The offense level calculated based on § 4B1.4 was thirty-four (34). Id. at 5. Since the greatest of the two calculations is thirty-four (34), Defendant's offense level was properly calculated.

Therefore, even if Defendant were able to get four (4) levels removed from the Offense Level twenty-eight (28) which was determined pursuant to § 2K2.1, the greater of the two calculations would be thirty-four (34) pursuant to § 4B1.4, making Defendant's claim that his

[1]On November 6, 1996, Defendant plead guilty to Carrying a Pistol Without a License, Felony Assault with a Dangerous Weapon, and Conspiracy. See Providence County Superior Court Case No. P2-1994-3226AG.

sentence was improperly enhanced moot.

## III. DEFENDANT'S MOTION IS MERELY ANOTHER ATTEMPT AT CIRCUMVENTING 28 U.S.C. § 2255 AND THEREFORE MUST BE DENIED.

Pursuant to 28 U.S.C. §2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Furthermore, the statute limits the number of petitions that can be filed pursuant to 28 U.S.C. § 2255.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.

Since 18 U.S.C. § 3582(c)(2) is clearly not applicable to Defendant's petition, it can only be construed as another attempt at challenging his sentence pursuant to 28 U.S.C. § 2255. However, this option is not available to defendant. United States v. Cabrera-Polo, 376 F.3d 29, 31 (1st Cir. 2004) (citing Sepulveda v. United States, 330 F.3d 55, 66 (1st Cir.2003) (noting restrictions on the bringing of "second or successive" section 2255 motions)). Defendant filed a petition pursuant to § 2255 in 1998. The First Circuit upheld the district court's denial of his

petition stating that even if it were to construe his appeal as permission for a second or successive petition, he did not meet criteria set out by 28 U.S.C. § 2255. Furthermore, in August 2005, Defendant petitioned the Court of Appeals for permission to file a second or successive petition which was denied. In further attempts to reduce his sentence, Defendant filed petitions pursuant to 28 U.S.C. §§ 2254 and 2241, both of which were construed as attempts to circumvent the restrictions of § 2255, and therefore, were denied absent consent from the Court of Appeals.

## CONCLUSION

Based on the foregoing, the United States moves this Honorable Court to deny Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. 3582(c)(2).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant United States Attorney
50 Kennedy Plaza
8th Floor
Providence, RI 02903
401-709-5000 (phone)
401-709-5001 (fax)
Gerard.Sullivan@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2008, I caused the Government's Objection to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) to be filed electronically and it is available for viewing and downloading from the ECF system. I further certify that I caused a true copy to be mailed by first class U.S. mail to:

Keith Ware
#04068-070
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN