IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff, :

v. : No. 94-CR-00069

:

KEITH WARE,
Defendant. :
//

DEFENDANT'S TRAVERSE TO GOVERRNMENT'S OBJECTION TO MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582

NOW COMES the defendant, Keith Ware, pro Se, and respectfully submites his traverse or reply to the Government's objection(s) to defendant's motion pursuant to 18 U.S.C. § 3582(c)(2). In support and response therein, the defendant states the following:

**Point One:** The Governemnt in its argument at I. page 5 purports and distorts defendant's claim and the purpose of Amendment 599.

They also suggest that Amendment 599 does not apply in defendant's case since the Probation Officer calculated his offense level using §§ 2K2.1(a)(2) and 4B1.4 of the Sentencing Guidelines.

However, the PSR at page 5. ¶-14 disputes the governemnt's assertions and alleged calculations meant only to confuse and mislead the Court, since the PSR as stated above assessed the defendant an additional 4 points under specific offense characteristics for his alleged possession and or use of the weapon or firearm during and in relation with another offense. See Id.. Nothing could be further from the truth. What in fact the Probation Officer did was to use

the Guideline section 2K2.1 for violation(s) of Title 18, section 922(g) offenses. Section 2K2.1(a)(2) was used to find a base offense if the defendant had at least two prior convictions of either a crime of violence or serious drug offense. Which in the present case produced an offense level of 24, section 2K2.1(b)(5) was used to assess an additional 4 points under specific offense characteristics. Which is a point at issue in defendant's motion, and is in fact an enhancement that Amendment 599 holds is improper, accordingly, pursuant to Policy Statement, U.S.S.G.§ 1B1.10, which expressly provides: that Amendment 599 may be applied retroactively in a § 3582(c)(2) proceeding. This motion is far from being an abuse of writ or procedural post conviction litigation. It is in fact what it states and claims to be, a motion under 3582(c)(2) not a 28 U.S.C. § 2255. Let us not distort nor confuse or cloud the two independant Statutory provisions, and the points at issue.

Although a clarifying Amendment, Amendment 599 in the instant case must be given full force and effect of what the Sentencing Commission meant at the time of the defendant's sentence. Concededly, a clarifying Amendment "changes nothing concerning the legal effect of the Guidelines," but claifies what the Commission deemed the Guidelines to have already meant. Thus, the defendant would be entitled to retroactive application of Amendment 599 in its clarifying effect. See U.S. v. Crudup, 375 F.3d 5 at 9, (1st Cir. 2004) citing U.S. V. Goines, 357 F.3d 469, 474 (4th Cir. 2004).

Page 5 of the government's objections additionally purports to

defendant attempting to suggest that Amendment 599 to the United States Sentencing Guidelines effective November 1, 2000 was impermissable double counting. However, what the issue and question for the Court is whether Amendment 599 would have prevented the weapon enhancement the defendant received on his section 922(g) conviction.

Accordingly, under the text of Amendment 599, defendant Ware's enhancement falls within the gap between Amendment 599's restrictions that barred defendant's sentence enhancement. Goines Id. at 481 I. This position has nothing to do with impermissable double counting but with principles of ((expressio unius est exclusio alterius)) applying with full force to interpretation of sentencing guidelines United States v. Luna Diaz, 222 F.3d 1,5 (1st Cir. 2000).

Similarly, the Government's argument **Point II** is completely in error and misplaced, to suggest that his claim(s) are moot, defies all logic. It is clear that defendant sentence was imposed by the use of the United States Sentencing Guidelines Manual effective November 1, 1994 to calculate his sentence. However, that assesment was short lived by the United States Sentencing Commission, who by "Congressional authority were given the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." See Braxton v. United States, 500 U.S. 344, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991) It is the defendant's assertion that his judgement may be revised through the endowed broad powers Congress authorized the Commission to give retroactive

application of guideline anendments. In this instant case Amendment 599.

The government further purports to claim that defendant's claims are moot because the defendant was alleged to have had three prior convictions for crimes of violence, which made him subject to enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.§ 924(e). Which according to U.S.S.G. § 4B1.4 of the Sentencing Manual, the applicable level for a defendant who possessed a firearm, and had been found guilty of possessing in connection with a crime of violence, is level thirty-four (34).

Here, the government again purports and makes assertions absent any evidence that the defendant even met the statutory requirement, never mind the guideline section application to determine that one of the prior convictions relied upon constituted a violent crime under 4B1.4 unquestionably, the Presentence Investigation Report states:

> "No details of offense were contained in the Court file." See Id. PSR page 9.¶-38.

The government in this case and this regard failed to establish even by a deminimus effect a preponderance of eveidence the existance of the prior, according to the Probation Office there was no details of the alleged offense, neither was there presented evidence upon which the Court could rely on to determine the nature of the alleged prior conviction and its authority to make a factual finding. This absence and passing of judgement in the face of a presentence report that is riddled with erroneous information or acktherof was a crit-

ical error of law. In the present case there was presented no information in relation to all three (3) priors which on thier face clearly demonstrated that the prior convictions were valid or that the defendant was represented by counsel, to satisfy the requisites of Shepard v. United States, 544 U.S. 13, 15, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1999); Burgett v. Texas, 389 U.S. 104, 88 S. Ct. 255 19 L.Ed.2d 319 (1963), as is the case here, unquestionably a Federal PSR could not satisfy either of the above predicates.

Consequently, that is effectively what took plcae in this instant case. See also United States v. Turbides-Leonardo, 468 F.3d 34,39 (1st Cir. 2006)("[A] presentence report in a subsequent case ordinarily may not be used to prove the details of the offense 'conduct' that underlies a prior conviction. Notably, "a district court is not permitted to rely upon a PSR's cahracterization of a defendant's prior offense for enhancement purposes." Neither can the government presume the priors to have been valid. Burgett supra, see also United States v. Aloi, 773 F.Supp. 55 (1991); Wilkerson, 926 F.2d at 28.

Moreover, this Court must ultimately correct the error of applying the enhancement during defendant Ware's original sentencing. this is so, since Amendment 599 had no effect on the Court's ability to apply such enhancements as the ones the defendant receinved on his Section 922(g) conviction, application of the enhancement in this case would have made such contrary to Note two (2) as properly con-

structed, both before and after the enactment of Amendment 599. See Goines, 357 F.3d at 480, holding that, "a defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, so long as the amendment has been designed for retroactive application of a sentencing range lower than the range applied at the original sentencing proceeding. Furthermore, "the disruption of finality engendered by broad interpretation of section 3582(c)(2) is consistent with legislative design," which anticipates that sentences will be reopened whenever a guideline amendment is given retroactive effect.) Id.. In fact nothing in the statutory language indicates or requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence. Rather, the statute requires that the defendant's sentence was "based on" a sentencing range that has subsequently been lowered. All Firearm sentences were "based on" weapons guideline's sentencing ranges because those ranges represented the starting points of every sentencing pre-and post Booker, even if the defendant was ultimately sentenced under §§ 4B1.1 or 4B1.4. See Gall v. United States, 128 S.Ct. 586, 591 at 596 (2007), ("[A] district court should begin all proceedings by correctly calculating the applicable guideline range... the guideline should be the starting point and the initial bench mark. But are not and should not be the only consideration, however, [T]he judge should then consider allof the section 3553(a) factors to determine whether they support the sentence requested by a party.)(empahsis added). Gall,

In addition, § 3582(c)(2) "requires" sentencing courts to consider allapllicable sections 3553 factors. The Supreme Court said that "the extent of the difference of particular sentence and the recommended guideline range is surely relevant" to a sentencing decision. Gall Id. Given this relevance, this court is free under § 3582(c)(2) to consider the clarifying or hybrid amendment 599 to support defendant's 3582 motion since this amndment has been designated for retroactive application, and would result in the application of a sentencing range lower than the range applied at the original sentencing proceeding. 18 U.S.C.A. § 3582(a)(West 2000), sentence reduction warranted.

Accordingly, since amendment 599 became effective on November 1, 2000, with retroactive application, this Court must and should vacate the sentence to correct the error, and upon resentencing apply the guidelines as advisory in compliance with United States v. Booker, 543 U.S. 220, 160 L.Ed.2d 621, 125 S.Ct. 738 (2005); Kimbrough v. United States, 128 S.Ct. 558, 666-69 (2007); Hicks v. United States, 472 F.3d at 1171-71; See also United States v. Forty-Estremera, 489 F.Supp.2d 468, 471-72 (D.P.R. 2007).

Finally, this Court is bound to apply section 1B1.10(a)'s direction as to when a section 3582(c)(2) is authorized. Although section 1B1.10 is a policy statement and not a guidleine the Court is obligated to follow those policy statements, although the Commision policy statement as advisory or violate Booker. And, if § 1B1.10 is itself advisory.

Dated: February 7, 2008

Respectfully submitted

Keith Ware, #04068-070

Keith Ware

# CERTIFICATE OF SERVICE

I, Keith Ware/defendant, hereby certify that I have served a true and correct copy of the foregoing: motion

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to: Gerard B. Sullivan, AUSA. 50 Kenndey Plaza 8th Floor Providence, Rhode Island. 02903
Clerk of Court, U.S. Dist of Rhode Island. U.S Court House Providence, Rhode Island, 02903 1779

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 7th day of Feb, 2008

Respectfully Submitted,

Keith Ware

REG. NO. 04068070